U.S. DISTRICT COURT, MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
JUN 13 2022
PER ____IBR____
DEPUTY CLERK

Daniel T. Finefrock
-vs-
THE Commonwealth of Pennsylvania Board of Probation and Parole

PAROLE NO: 907AO
INSTITUTION-NO: JC2414

①     Writ of Habeas Corpus Petition for summary dispostion/ Habeas Corpus AD Subjicien dum Article 1, Section 14 Pa. Constition 42 PA C.S. § 6501, 6502, 6503, 6504, 6505,.. F.E.D R.CP. Rule 42. 28 U.S.C. § 642.01(2), 18 U.S.C. § 401

Now, comes the Petitioner, Daniel T. Finefrock, Petitioner, Injured Party in Hereby moves this court for the relief set forth below, and shall rely upon the following in support there of:

Petitioner is Entitled to a Habeas Corpus...

②     Further, Article 1, Section 14 of the 1968 Pennsylvania Constitution guarantee such right is not to be suspended or deprived/Hampered as to amount to a practical deprivation... com. ex rel Greevy vs. Reifsteck, 115 A. 130, 132 (Pa. 1921)

In that the United States, Nor the Commonwealth of Pennsylvania is not being invaded by a foreign power, Nor has

there been a Formal declaration of Constitution to Inquire into the true Cause of Respondents restraint of the Pitioners Liberties. Petitioner profers that such a writ exists where there is No remedy... See 42 Pa C.S. § 6503 (A)...

As relators inquiry into cause of his unlawful extending of Judicial Imposed max Date/detention/confinement by the Pennsylvania Board of Probation and Parole/Department of Correction is the only Question upon De Novo Review....

③   Benifits of the remedy AD Subjiciendum is still Independent when one is unlawFully confined, and the cause and commitment is challenged where No "instrument" is not cognizable under 42 Pa. C.S. § 6501, and 6503(A)... See Burkette Vs. Love, 89 F. 3d 135, 141 (3rd cir 1996)

"The Writ of Habeas Corpus may issue in all sorts of cases where it is shown to the court that there is probable cause For believing that a person is restrained of his/her Liberty, unlawFully or against the due process of Law" "williams Vs Lewis, 39 Pa. 9.29 (1861)"

"Our concept of ordered Law demands that a means of relief be Available to Relator's/Petitioners unlawFully in custody..." "Com. ex rel Paulinshi Vs. Issac, 397 A. 2d 760, 763 (1979)

In Com. vs. Brown, 943 A.2d 264 (PA:2008), The Court explained the danger of Circumventing Issues Applicable to a Habeas Corpus proceedings.

(4) "Where I believe the majority err's—and where I concede this court has, in the past, erred as well, even in cases I have joined in in defining as cognizable all claims that fall within a category as to which the vast majority of such claims will become apparent within the time limit provided...

In essense it is a one-size fits all Jurisprudences that disregards the very real prospect of Individual Injustice.

"It should go without saying that this status quo is unsustainable to the extent it runs a Foul of overriding Sources of Law such as the Pennsylvania and United States Constitution, The Supremecy of which is beyond civil"...

2. Wherefore, Petitioner/Relator Avers the means of his unlawful detention/extended max-dates are directly Resllant From the Foregoing Facts and Authorities:

Statement of Facts

A.) Relator/Petitioner is unlawfully detained/confined by the DOC. and S.C.I. Albion because of the extending of

Petitioner max-date by the Pennsylvania Board of Probation and Parole...

(5) Petitioner's 5th & 14th Amendment has been and is violated because of the Parole Boards decision, Abuse of Seperation of Doctrine Power, I've been prejudice and my rights to Liberty has been violated by there Arbitrary Behavior..

Recorded on September 02, 2021 The Board of Probation and Parole moved Petitioners controlling max date from MAY 01, 2027 to recomputed maximum date August 13, 2029. Exhibits 1, 2, & 3 recorded records from the Pennsylvania Board of Probation and Parole's decision, recalculation sheet/order to recommit and The Commonwealth of Pennsylvania DC-16E sentence Status Summary..

Daniel T. Finefrock The Petitioner was sentenced to a new Conviction instead of the Pennsylvania Board of Probation and Parole Ordering the Petitioner to Finish the remainder of his time, they violated due-process and Seperation of Power doctrine and moved Daniel T. Finefrock, Petitioners original max date from May 01, 2027 to recomputed maximum date August 13, 2029...

(6)   B.) Understanding it must create significant risk of Increasing or prolonging a prisoners punishment... Garner Vs. Jones, Supra, stating that the dispositive question is whether the New Law creates A significant risk of prolonging Respondents Incarceration...

Simply because a Law is Labeled "Procedural" in Nature dose not remove it From ex post Facto Scrutiny... See Collins Vs. Youngblood, 497 US. 37, 46 (1990). Holding that A Legislature dose not Immunize a Law From Ex post Facto Scrutiny by Labeling it " Procedural "...

"Detention beyond The Termination Date of a Judicially-Imposed maximum sentence could constitute cruel and unusual punishment. It is the result of Deliberate Indifference) to the prisoners Liberty Interest".
Estelle Vs. Gamble 429 US. 97 S.Ct. 285 (1976)

(3) With all due respect on this Day of February 3, 2022 the District Justice Have agreed: The Pennsylvania Board of Probation and Parole, herein After "PBPP" has violated the seperation of power Doctrine by interferring or recalculating the Finality of the Original Sentencing Courts.

PBPP dose not have the Authority to extend a Defendants Judicially

Imposed maximum sentence date.

Additionally, The Federal District Justice Agreed: PBPP has continuously, deliberately and contemtuously changed, altering, rearranging, and recalculating Pennsylvania Defendants Legally imposed Sentences by the Commonwealth Courts...

As a result of this Action, the court has rendered that the Consequences of the Erroneous sentences being Implemented to the defendant, Thus by a body of Administrators that Lack the juristiction or Judicial Authority to do so, is direct contempt outside the presence of the original Sentencing Court...

⑦  This manner of contempt outside the presence of the Original Sentencing court is a direct obstruction of the Administration of Justice that was originally Imposed
  See: Fumea Vs. PA Board of Probation and parole, 147, A.3d, 610, (Pa. Sup. ct 2016)
  Shields vs PA Board of Probation and Parole, 345, Fed, A3d, Feb, 3, 2022 Originally published under: March 12, 2020...
  PenJake Vs PA Board of Probation And Parole, 203, A.3d, 401 (PA Supct. 2020...

4.) The Legislative Power of state extends to within the sphere of such Power, except as it is restricted by Federal and state Constitutions or consequently, restricted by exercising over something (criminal statutes) That For which the state Constitution had not made any provision. "People vs Mitchell, 35 NY. AT551 - Matter of clanten Street 2, PA. AT 559, com. vs smith, 4 Pa. At 123.

### Supporting Exhibits

In support of this Pitition, I Daniel T. FineFrock, Petitioner have attached the Following exhibits:

(8)

Exhibit (A): Probation and Parole Dicision
Exhibit (B) Recalculation sheet / order to Recommit.
Exhibit (C) Commonwealth of Pennsylvania DC-16ᴱ Sentence Status Summary.

### Judicial Notice

5.) I Daniel T. FineFrock, Petitioner aver that the privelege of Habeas Corpus shall be available to all person having there Liberty deprived by means of unlawful restraint, and this privelage shall not be suspended unless when in case of Rebellion or Invasion the Public Safety may require it. This Fact is supported by the Constitional provision, at Pennsylvania Constitution, Article 1, Section 14,

As well as the statutory provision at 42 Pa. C.S. § 6501, writ not to be suspended..

6.) To that end, the Petitioner further avers that The Commonwealth of Pennsylvania is not currently under invasion, nor have the citizens of this Commonwealth taken a position of rebellion, nor has there been any executive order declaring or instituting martial law, nor has there been any executive or Judicial order declaring the suspension of activities within the courts of this Commonwealth..,

(9)    As a result the Petitioner avers that his privilege to the writ of Habeas Corpus must be acknowledged as protected by the Laws of the General Assembly of the Commonwealth of Pennsylvania and the Constitution of Pennsylvania...

Relief

7.) Wherefore, for the foregoing reason I, Daniel T. FineFrock, Petitioner request that this Honorable Court:

A) Grant the requested writ of Habeas Corpus Petition for summary disposition/ writ of Habeas Corpus, and issue a rule upon the respondent Compelling

The respondent to show cause why the Pititioner is not entitled to the requested relief, Pursuant to Pennsylvania Constitution Article 1, Section 14, 42 PA.CS. § 6501, 42 PA.CS § 6502, and PA. R.C.P. Rule 206.7, or in the alternative.

(10)   B.) Grant the requested writ of Habeas Corpus Pitition For summary disposition and provide relief by ordering that the Petitioner Original Max-date Immediatly be reinstated and released From the unlawful restraint of his Liberties imposed by the Pennsylvania Board of Probation and Parole...

Acknowledge the Boards recalculations, moving of Judicially Imposed max dates are a violation of the principle of seperation of Powers Doctrine...

The Doctrine of Seperation of Power is based upon the long standing recognition that the Powers of the three branches of Government, judicial, Legislative, and Executive are Co-equal and distinct from one another...
Commonwealth vs. Sutley, 474 PA. 256, 378 A.2d 780, 782 (1977)
As, such the branches should be kept Seperated, distinct, and Independent of one another. (Id. At 783)

Thank this Honorable Court For its time and Patience..

US DISTRICT COURT, Middle DISTRICT OF PENNSYLVANIA

Daniel T. FineFrock

-VS-

The Commonwealth of PENNSYLVANIA BOARD OF Probation And Parole

Parole No: 907A0

INSTITUTION No: JC2414

### Certificate of Service

I Daniel T. FineFrock, Petitioner in the above captioned matter, hereby Certify That on this day a true and correct copy of this "Petition For writ of Habeas Corpus Petition For Summary Disposition" is being served upon the persons Listed below in accordance with governing rules of court, satisfies the requirements of PA. R.A.P. 121...

1) US District Court; MIDDLE District of PA.

### Verification

This writ of Habeas Corpus Petition For Summary Disposition is subscribed to under the pains and penalties of perjury. Sworn to and

Verified under the Constitution of the Republic. Dated this ___ Day of May 2022.

Respectfully Submitted

Daniel T. FineFrock

*Daniel [signature]*

SCI Albion
10745 Route 18
Albion, PA, 16475

Daniel FineFrock #QN9487
SCI Albion
0745 Route 18
Albion PA, 16475

Inmate Mail
PA Dept of
Corrections


ZIP 16475 $001.76
02 4W
0000376338 JUN 09 2022

U.S. DISTRICT Court of PA
MIDDle District
228 Walnut St
Harrisburg PA 17101

RECEIVED
HARRISBURG, PA
JUN 13 2022
PER _____ DEPUTY CLERK