IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL FINEFROCK,** | : | |
|     Petitioner | : | |
| | : | No. 1:22-cv-00934 |
|     v. | : | |
| | : | (Judge Kane) |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE, et al.,** | : | |
|     Respondents | : | |

## MEMORANDUM

Petitioner Daniel Finefrock ("Petitioner"), a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to, presumably, the provisions of 28 U.S.C. § 2254 ("Section 2254"). (Doc. No. 1.) For the reasons set forth below, the petition will be dismissed.

**I.  BACKGROUND**

On or about October 10, 2020, while Petitioner was on state parole, he "punched" another individual "on the mouth" in Lebanon County, Pennsylvania. (Doc. No. 9-1 at 3.) He was arrested and charged with simple assault. (Id. at 2–3.) On May 19, 2021, pursuant to a plea agreement, he pleaded guilty and received a sentence of incarceration for a minimum of one (1) year and a maximum of two (2) years. (Id. at 6.) At that time, his controlling minimum date was October 11, 2022, and his controlling maximum date was October 11, 2023. (Id.) However, because he had been convicted of a new offense, the Pennsylvania Board of Probation and Parole ("Parole Board") issued a decision on September 2, 2021, recommitting Petitioner to a state correctional institution "as a convicted parole violator to serve 12 months backtime." (Id. at 36.) In addition, the Parole Board denied Petitioner any credit "for the time spent at liberty on parole"

due to the "assaultive" nature of the new offense. (Id.) As a result, Petitioner's maximum date was recalculated to August 13, 2029. (Id. at 36, 37.)

Particularly relevant here, the Parole Board's decision explained to Petitioner, as follows:

> THIS DECISION INVOLVES AN ISSUE THAT IS SUBJECT TO THE BOARD'S ADMINISTRATIVE REMEDIES PROCESS. SEE 37 PA. CODE SEC. 73. FAILURE TO ADMINISTRATIVELY APPEAL THE DECISION MAY AFFECT YOUR LEGAL RIGHTS. IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMNISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS (30) OF THE MAILING DATE OF THIS DECISION. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASES FOR THE ALLEGATIONS. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT. YOU MAY BE ENTITLED TO COUNSEL FROM THE PUBLIC DEFENDER'S OFFICE AT NO COST. ADMINISTRATIVE REMEDIES FORM AND THE NAMES AND ADDRESSES OF ALL CHIEF PUBLIC DEFENDERS IN THE COMMONWEALTH ARE AVAILABLE UPON REQUEST FROM THE SCI PAROLE OFFICE. ANY REQUEST FOR A PUBLIC DEFENDER SHOULD BE SENT DIRECTLY TO THE PUBLIC DEFENDER'S OFFICE IN THE COUNTY WHERE YOU CURRENTLY RESIDE.

(Id. at 37.)

Thereafter, on June 13, 2022, Petitioner filed the instant Section 2254 petition in this Court. (Doc. No. 1.) He claims that he is being unlawfully confined by the DOC and State Correctional Institution Albion. (Id. at 3.) In support, he alleges that his maximum sentence date has been extended by the Parole Board from May 1, 2027, to August 13, 2029 (id. at 3–4), but that the Parole Board does not have the authority to extend his judicially imposed maximum sentence (id. at 5–6). As a result, he asserts, inter alia, that the Parole Board's recalculation violates due process and separation-of-powers principles. (Id. at 4).

As for relief, he requests that the Court grant his Section 2254 petition and order Respondents to show cause why he is not entitled to the relief he seeks, which is to reinstate his original maximum sentence date, as issued by the original sentencing court, and to release him

from the "unlawful restraint of his liberties[,]" as imposed by the Parole Board.  (Id. at 9.)  In support of his request for relief, Petitioner has attached the following three (3) documents to his Section 2254 petition: (1) the September 2, 2021 Parole Board decision (Doc. No. 1-1); (2) the Parole Board Order to Recommit Petitioner (Doc. No. 1-2); and (3) the DOC's DC-16E sentence status summary form pertaining to Petitioner, which reflects a new maximum sentence date of August 13, 2029 (Doc. No. 1-3).

On September 1, 2022, the Court, inter alia, deemed the petition filed, directed the Clerk of Court to serve a copy of the petition on Respondents, and directed Respondents to file a response to the allegations contained in the petition.  (Doc. No. 7.)  On September 19, 2022, Respondents filed a response to Petitioner's Section 2254 petition, arguing that Petitioner failed to exhaust his available state remedies before commencing suit in this Court and that, alternatively, Petitioner's claims are without any merit.  (Doc. No. 9.)  As reflected by the Court's docket, Petitioner did not file a reply, and the time period for doing so has since expired.  Thus, the instant petition is ripe for the Court's disposition.

**II.     LEGAL STANDARD**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for a writ of habeas corpus that is filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the [petitioner] has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the [petitioner]."  See 28 U.S.C. § 2254(b)(1).  Thus, based upon AEDPA's plain language, a person "in custody pursuant to the judgment of a State court" who is petitioning for a writ of habeas corpus in federal court must first exhaust the remedies available in the state

courts, unless the state corrective process is unavailable or circumstances exist that render such corrective process ineffective. See id.; Rose v. Lundy, 455 U.S. 509, 515–16 (1982). The burden of proving exhaustion of available remedies rests with the petitioner. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

"In order for a claim to be exhausted, it must be 'fairly presented' to the state courts 'by invoking one complete round of the State's established appellate review process.'" Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999)). If a state prisoner has not fairly presented his claims to the state courts, then the procedural default doctrine "may come into play." See id. As explained by the United States Court of Appeals for the Third Circuit, "[a] claim is procedurally defaulted if the petitioner failed to exhaust that claim in state court and if state procedures prohibit the petitioner from later presenting the claim in state court." See Collins v. Sec'y of Pa. Dep't of Corr., 742 F.3d 528, 542 (3d Cir. 2014) (citations omitted).

Generally speaking, if a state prisoner has procedurally defaulted his habeas claims, federal courts do not review the merits of those claims. See generally Martinez v. Ryan, 566 U.S. 1, 9 (2012) (explaining that, under the procedural default doctrine, a federal habeas court "will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule" (listing cases)). However, this doctrine "is not without exceptions." See id. at 10. A state prisoner "may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." See id. (citation omitted). A state prisoner may also obtain federal review of a defaulted claim by showing that a failure to consider the claim will result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Leyva v.

Williams, 504 F.3d 357, 366 (3d Cir. 2007) (explaining that, ordinarily, a petitioner must show "actual innocence" in order to satisfy the "fundamental miscarriage of justice" exception (citation omitted)).

### III.  DISCUSSION

As discussed above, Petitioner claims that the Parole Board's recalculation of his maximum sentence date violates due process and separation-of-powers principles.  (Doc. No. 1.) In this specific context, exhaustion of available state remedies requires a habeas petitioner to first challenge the Parole Board's decision to recommit him as a parole violator by filing a request for administrative relief with the Parole Board within thirty (30) days of the mailing date of the Parole Board's decision.  See 37 Pa. Code § 73.1.  Next, the petitioner must file an appeal to the Commonwealth Court of Pennsylvania ("Commonwealth Court").  See 42 Pa. Cons. Stat. § 763(a).  Finally, the petitioner must seek allowance of appeal in the Supreme Court of Pennsylvania ("Supreme Court").  See 42 Pa. Cons. Stat. § 724; see also Williams v. Wynder, 232 F. App'x. 177, 181 (3d Cir. 2007) (unpublished) (concluding that, in order to fully exhaust a challenge to the Parole Board's decision, a habeas petitioner must seek allowance of appeal in the Supreme Court, following an adverse decision by the Commonwealth Court).

Here, Petitioner has neither alleged nor shown that he completed any of these levels of state review.  Additionally, the Court has conducted a search of Petitioner's name on Pennsylvania's electronic docket sheets, including the electronic docket sheets for the Commonwealth Court and the Supreme Court.  That search, however, did not yield any results for Petitioner.  As such, the Court finds that Petitioner did not exhaust available state remedies with respect to his instant habeas claim against the Parole Board before he commenced this suit.

Because it would be futile for Petitioner to attempt to do so now, as the time to exhaust state remedies has long since passed, the Court finds that his instant habeas claim against the Parole Board is procedurally defaulted for purposes of federal review. And, since Petitioner has not shown the sort of cause and prejudice that is necessary to excuse this procedural default, or shown that the failure to consider his instant habeas claim will result in a fundamental miscarriage of justice, the merits of his claim are not properly subject to this Court's review. See generally Coleman, 501 U.S. at 749–50 (explaining that a petitioner's procedurally defaulted federal claims are barred from habeas review unless the petitioner can demonstrate cause for the default and prejudice as a result of the alleged violation of federal law, or the failure to review his federal claims will result in a miscarriage of justice); Martinez, 566 U.S. at 9 (explaining that "[f]ederal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism[,]" and that "[t]hese rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule" (citations omitted)).

Thus, for all of these reasons, and consistent with the case law of this Circuit, the Court will dismiss the instant Section 2254 petition. See Williams, 232 F. App'x at 181 (unpublished) (concluding that the Section 2254 petitioner, who was challenging the revocation of his parole by the Parole Board, was required to fully exhaust available state remedies, and further concluding that, because petitioner failed to do so and because petitioner failed to make a showing of cause or prejudice to excuse the procedural default, federal review of his habeas claim was precluded

by the default and the district court, therefore, appropriately dismissed the petition); see also Klein v. Bd. of Prob. & Parole, No. 22-cv-00984, 2023 WL 3077804, at *3 (M.D. Pa. Apr. 25, 2023) (concluding that the Section 2254 petitioner's challenge to the Parole Board's decisions was procedurally defaulted and, thus, "unreviewable" by the district court where the petition failed to show cause or prejudice to excuse the procedural default (citing Martinez, 566 U.S. at 9)); Wise v. Mason, No. 20-cv-01617, 2022 WL 1109433, at *3 (M.D. Pa. Apr. 13, 2022) (finding that the Section 2254 petitioner's claim was procedurally defaulted and could not be reviewed by the district court because the petitioner did not exhaust available state remedies as to his challenge to the Parole Board's calculation of his maximum sentence date, and because he failed to demonstrate cause or prejudice to excuse the default (citing Coleman, 501 U.S. at 750)).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant petition for a writ of habeas corpus. (Doc. No. 1.) In addition, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania